The Honorable Jerry Bookout State Senator P.O. Box 415 Jonesboro, Arkansas 72401
Dear Senator Bookout:
This is in response to your request, on behalf of "Potluck, Inc.," for an opinion regarding the liability of food donors to Potluck, Inc., in light of Act 73 of 1981, and Act 390 of 1987, the "Arkansas Volunteer Immunity Act."
It is my opinion that food donors to Potluck, Inc. will, in most cases, be immune from liability for injury or death occurring as a result of consumption of the food donated. The only exceptions will be for the "gross negligence" recklessness, or intentional misconduct of the donor. The facts of each individual donation, however, will determine whether one of the exceptions apply.
This result follows from a reading of A.C.A. § 20-57-103 which provides in pertinent part that:
 (c) All other provisions of law notwithstanding, a good faith donor of canned or perishable food, which is apparently fit for human consumption at the time it is donated, to a bona fide charitable or not-for-profit organization for free distribution, or distribution at a nominal cost, shall not be subject to criminal or civil liability arising from an injury or death due to the condition of the food unless the injury or death is a direct result of the gross negligence, recklessness, or intentional misconduct of the donor.
Thus, to the extent the food is "apparently fit for human consumption" at the time of donation, and Potluck, Inc., is a "bona fide charitable or not-for-profit organization" and other provisions of the statute above are satisfied, the donors of food to the program will be immune from liability except for "gross negligence, recklessness or intentional misconduct." See also
Op. Att'y. Gen. No. 89-127, a copy of which is enclosed.
The provisions of the "Arkansas Volunteer Immunity Act" (A.C.A. §16-6-101—105 (Cum. Supp. 1991)) are additional provisions of law which may grant immunity to food donors in this instance. To the extent of any conflict between the two acts, however, A.C.A. § 20-57-103, being the more specific as to the donation of food, will likely control. Brown Root, Inc. v. Hempstead County Sand Gravel, Inc., 767 F.2d 464 (8th Cir. 1985). The "Arkansas Volunteer Immunity Act" provides immunity to "qualified volunteers," a term which is defined as any person who, of free will, provides goods or services without financial compensation to or through any volunteer agency in connection with a volunteer program. A.C.A. § 16-6-103(1). A "volunteer agency" is defined as being any volunteer program of state government, a community volunteer organization, or any not-for-profit corporation which has a 501(c)(3) IRS designation. A.C.A. § 16-6-103 (2). This act provides immunity for qualified volunteers from liability for personal injury or property damage sustained by one who is a participant in, or a recipient, consumer, or user of the volunteer services or benefits provided. The exception is for "bad faith" or "gross negligence" on the part of the qualified volunteer. A.C.A. § 16-6-105 (2). There are also several exceptions to the extent of any liability insurance coverage. A.C.A. § 16-6-105(1), (3), and (4).
As noted in Op. Att'y. Gen. No. 89-127, however, "[t]he applicability of the immunity, or the exceptions, will depend upon the facts of each case." Op. No. 89-127 at 3.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure